| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>*10-1868-IV* |
|---|---|---|

| PLAINTIFF<br><br>MARY CHANDLER | DEFENDANT<br><br>TENNESSEE DEPARTMENT OF SAFETY |
|---|---|

TO:     (NAME AND ADDRESS OF DEFENDANT)

Tennessee Department of Safety
Via Tennessee Attorney General
John Sevier Bldg.
425 Fifth Avenue N
Nasville, TN 37243

Service accepted on behalf of
Defendant _TN Dept of Safety_
this _____ 11/24_ , _10_
Lucy Honey Haynes, Chief Deputy

List each defendant on a separate summons.

**Method of Service:**

Certified Mail
Davidson Co. Sheriff
Comm. Of Insurance
Secretary of State
*Out of County Sheriff
XX Private Process Server
Other
*Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Gregory H. Oakley, Esq<br>DRESCHER & SHARP, PC<br>1720 West End Ave, Ste 300<br>Nashville, TN 37203<br>(615) 425-3703 | FILED, ISSUED & ATTESTED<br><br>NOV 2 2 2010<br><br>CRISTI SCOTT, Clerk and Master<br>By:                         1 Public Square<br>                                    Suite 308<br>                                    Nashville, TN 37201<br><br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

       The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

       If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>**Sheriff** |
|---|---|

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
| | |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this** _____ **day of** _____ _____, **20___.** | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of ____ Notary Public or ____ Deputy Clerk | |
| | |
| My Commission Expires: | |

<table>
<tr>
<td>

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
              1 Public Square
              Suite 308
              Nashville TN 37201

Please state file number on list.

</td>
<td>

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

</td>
</tr>
</table>

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By:<br><br>                            D.C. & M. |

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 10·1868·IV |
|---|---|---|
| PLAINTIFF MARY CHANDLER | DEFENDANT DAVID MITCHELL, as Commissioner of the Tennessee Department of Safety | |

**TO: (NAME AND ADDRESS OF DEFENDANT)**

David Mitchell, Commissioner
Tennessee Department of Safety
1150 Foster Avenue
Nashville, TN 37243

**Dept of Safety**

**NOV 2 4 2010**

**Commissioner's Office**

Method of Service:

XXX Certified Mail
Davidson Co. Sheriff
Comm. Of Insurance
Secretary of State
*Out of County Sheriff
Private Process Server
Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Gregory H. Oakley, Esq DRESCHER & SHARP, PC 1720 West End Ave, Ste 300 Nashville, TN 37203 (615) 425-3703 | FILED, ISSUED & ATTESTED NOV 2 2 2010 CRISTI SCOTT, Clerk and Master By: 1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE. THIS 22 DAY OF Nov 2010 CRISTI SCOTT, CLERK & MASTER BY to be served DEPUTY |

***Submit one original plus one copy for each defendant to be served

ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____

☐ Not Found _____
☐ Other _____

DATE OF RETURN: _____

By: _____

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. <br><br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br><br> My Commission Expires: _____ | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:  Clerk & Master
      1 Public Square
      Suite 308
      Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master <br><br> By: _____ <br><br> D.C. & M. |

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER |
|---|---|---|
| PLAINTIFF<br><br>MARY CHANDLER | DEFENDANT<br><br>TENNESSEE DEPARTMENT OF SAFETY | |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Tennessee Department of Safety
Via Tennessee Attorney General
John Sevier Bldg.
425 Fifth Avenue N
Nashville, TN 37243

List each defendant on a separate summons.

Method of Service:

    Certified Mail
    Davidson Co. Sheriff
    Comm. Of Insurance
    Secretary of State
    *Out of County Sheriff
XX Private Process Server
    Other
    *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Gregory H. Oakley, Esq<br>DRESCHER & SHARP, PC<br>1720 West End Ave, Ste 300<br>Nashville, TN  37203<br>(615) 425-3703 | **FILED, ISSUED & ATTESTED**<br><br>CRISTI SCOTT, Clerk and Master<br>By:       1 Public Square<br>          Suite 308<br>          Nashville, TN 37201<br><br>            **Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>**Sheriff** |
|---|---|

***Submit one original plus one copy for each defendant to be served.

ADA Coordinator, Cristi Scott (862-5710)

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| MARY CHANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. _10 · 1868 - IV_ |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF SAFETY, | ) |
| and DAVID MITCHELL, as Commissioner | ) |
| of the Tennessee Department of Safety, | ) |
| | ) **JURY DEMAND** |
| Defendants. | ) |

---

## COMPLAINT

---

Comes the Plaintiff, Mary Chandler, by and through counsel, and for Complaint against the Defendant, Tennessee Department of Safety states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is a citizen and resident of Williamson County, Tennessee.

2.  Defendant, Tennessee Department of Safety, is an agency of the State of Tennessee.

3.  Defendant, David Mitchell, is the Commissioner of the Tennessee Department of Safety.

4.  Jurisdiction and venue are proper with this court.

### II. FACTS

5.  Plaintiff, Mary Chandler, was a veteran employee of the Tennessee Department of Safety (the "Department"). She served the State of Tennessee faithfully

1

for more than twenty-eight (28) years. During this period, she provided exemplary service, worked substantial amounts of overtime for no compensation, and had a spotless record. Until July 2010, she had not been disciplined for any reason.

6. Ms. Chandler worked as a Level Four computer programmer and showed extraordinary loyalty to the Department. An example of her loyalty occurred in 2009-2010 when the Department was developing an automated handgun permit automation system. Ms. Chandler alone developed the entire set of programs for the Department. Her supervisor imposed a deadline for the completion of the program. In addition to the task of developing the handgun automation programs, Ms. Chandler had to perform her regular duties as well as those of her former manager, who had retired in June of 2009. Because of a shortage of manpower in the Department, Ms. Chandler was compelled to work enormous hours of overtime in an effort to complete the program by their deadline. The Department did not compensate Ms. Chandler for this overtime.

7. Department of Safety employees are civil service employees, and the Rules of the Tennessee Department of Personnel (the "Rules") apply to them. As allowed by the Rules, the Department has implemented its own policies consistent with these Rules. The Department's policies are contained in "General Orders" that are provided electronically to Department Employees.

8. General Order 216-2, with the subject of "Due Process Procedures and Disciplinary Matrix" is attached as Exhibit 1. General Order 216-2 governs disciplinary procedures for Department personnel.

2

9.    For several years, employees of the Department have regularly provided members of the public, including their family members, with information from people's drivers' licenses in the Department's databases.  It was widely known within the Department that this was occurring, and no Department employee had been reprimanded or disciplined for providing such information.

10.    On July 19, 2010, Ms. Chandler provided information from a third-party's driver's license to Ms. Chandler's husband, Glen Cruzen.  Mr. Cruzen had reason to believe that this third-party, whom had been a former employee of Mr. Cruzen's company, had been defaming him and his company, and he had contacted an attorney regarding filing a lawsuit against the third-party to stop the illegal conduct.  Mr. Cruzen had just been told by an employee of Home Depot that a person matching the third-party's description had been defaming Mr. Cruzen and his business in the store.  Mr. Cruzen wanted to show the Home Depot employee a picture of the third-party to see if the employee could identify him.

11    After Ms. Chandler provided Mr. Cruzen with the driver's license information, Mr. Cruzen showed only the photo to the Home Depot employee and no other person. The Home Depot employee identified the man in the picture as the person who had been defaming Mr. Cruzen and his business.

12    On August 6, 2010 Ms. Chandler was in an email that a civil complaint had been lodged against her. The email provided no information regarding the nature of the charge that has been made against her.  When Ms. Chandler called to inquire about the complaint, she was told by the investigating officer that he could not provide her with any

3

specifics about the investigation. On August 13, 2010, Ms. Chandler was summoned to appear and answer questions by two Highway Patrol Internal Affairs Officers. No written notice of any kind that detailed the charges was provided to Ms. Chandler in advance of this interrogation.

13. The two officers escorted Ms. Chandler into an interview room and immediately began interrogating her regarding the driver's license information that she had provided to Mr. Cruzen. The two officers told Ms. Chandler that she could be prosecuted for violation of the Drivers Privacy Protection Act (DPPA). The officers told Ms. Cruzen that if she agreed to voluntarily resign immediately she would be able to retain her retirement benefits. The alternative, according to the officers, was termination for gross misconduct, a forfeiture of all of her retirement benefits, and criminal prosecution for violation of the DPPA. The officers told Ms. Chandler that she had to make a decision right then.

14. Ms. Chandler was not familiar with the DPPA and did not have the opportunity to consult an attorney. The officers, in fact, had Ms. Chandler read the first paragraph of the DPPA, but covered up and prevented Ms. Chandler from reading other relevant portions of the statute. Believing that her only choices were immediate resignation with retention of some benefits or immediate termination with no benefits and the possibility of criminal prosecution, Ms. Chandler felt that she had no choice but to resign, and she executed the resignation that the officers presented to her. Ms. Chandler's resignation was coerced and involuntary. A copy of the Notice of Employment Resignation / Termination is attached as Exhibit 2.

4

15.    When the officers presented Ms. Chandler with the Notice of Employee Resignation/Termination, the second page was blank. After Ms. Chandler was coerced into signing the Notice, the Commissioner signed the second page and checked some boxes on that page. Included in the boxes checked was that Ms. Chandler was not eligible for rehire by any state agency. Ms. Chandler was not told by the officers that if she signed the Notice, she would not be eligible for rehire by any state agency. Ms. Chandler is only a few months away from being eligible for full retirement from the State.

16.    In addition to coercing Ms. Chandler's resignation, the Department has threatened to take away all of Ms. Chandler's retirement benefits, including insurance and all future compensation. The Department contends that its investigation into this issue is still ongoing.

17.    The Department now also contends that it never promised Ms. Chandler that she would not be criminally prosecuted if she signed the Notice of Employee Resignation / Termination.  According to the Department, therefore, Ms. Chandler received nothing in exchange for agreeing to resign rather than be terminated.

18.    General Order 216-2 provides that department employees have a property interest in their employment and that "[n]o demotion, suspension, termination, or other disciplinary action will be taken which would deprive a Civil Service Employee of such property right without Minimum Due Process." General order 216-2 sets forth specific procedures that are to be followed in order to comply with "Minimum Due Process." These procedures include: (1) written notice to the employee advising the employee of

5

the allegations and recommended disciplinary action; (2) the right to a "pre-decision discussion" with an appropriate manager; and (3) the right to have a Minimum Due Process hearing to have the employee's side of the incident heard."

19.    The Department did not provide Ms. Chandler with any of the minimum procedures set forth in General Order 216-2 before coercing her resignation on August 13, 2010.

20    General order 216-2 also provides a procedure for appealing a decision to take disciplinary action. After a due process hearing is conducted and a decision made, an employee is entitled to a "Level (4) Grievance Hearing if so requested. The Department is required to provide a "level four (4) Grievance Hearing notice," which advises the employee of the date and time of the hearing. If the employee disagrees with the results of the Grievance Hearing, the employee may appeal to the Civil Service Commission.

21.    On August 13, 16, 24, and 25, 2010, Ms. Chandler made oral and written grievances against the Department's action to both her supervisor and the Commissioner of the Department. The grievances concerned coercing her resignation without just cause, the failure to provide procedural due process, and the pending threat to take away her retirement benefits due to alleged "gross misconduct." On August 26, 2010, the Department sent a letter to Ms. Chandler's counsel stating merely that "Commissioner Mitchell's decision to accept Ms. Chandler's August 13, 2010, letter of resignation remains the same." The Department did not provide Ms. Chandler with the required written notice of a Level Four Grievance hearing and did not conduct a Level Four

6

Grievance hearing. Nor did the Department provide Ms. Chandler with any findings of fact or investigation results as required by Tennessee Department of Personnel Rule 1120-11-.05(4)(c). Furthermore, the Department has still not provided Ms. Chandler with any decision regarding the threatened removal of Ms. Chandler's retirement benefits.

22.    The Department has taken the position that Ms. Chandler is not entitled to a Minimum Due Process Hearing or a Level Four Grievance Hearing, which effectively removes Ms. Chandler's right to appeal to the Civil Service Commission. Ms. Chandler has therefore exhausted the administrative remedies that are available to her.

23.    General Order 216-2 sets forth a "Disciplinary Matrix," which categorizes types of misconduct by the level of egregiousness, beginning with "Very Minor Misconduct" and ending with "Gross Misconduct." Different levels of disciplinary action are available depending on the level of misconduct.

24.    "Gross Misconduct" is defined by General Order 216-2 as "any job related conduct which may subject an employee to criminal prosecution." The only disciplinary action allowed for "Gross Misconduct" is termination.

25.    The Department told Ms. Chandler that she had committed Gross Misconduct by violating the DPPA. Ms. Chandler's conduct did not in fact violate the DPPA, because there is a specific exception that allows for providing information without a driver's written consent:

> For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, <u>investigation in anticipation of</u>

7

litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

26.    The officers who threatened Ms. Chandler with prosecution if she did not immediately resign intentionally covered the above-quoted exception when they showed specific portions of the DPPA to Ms. Chandler.

27.    Mr. Cruzen specifically sought the information for use in investigation in anticipation of litigation, and did not share any confidential information with anyone else. Because the third party was an ex-employee of Mr. Cruzen's business, Mr. Cruzen had, during the employment period, obtained all information that the Department now states was "confidential."

28.    Since Ms. Chandler did not violate any criminal statute by her conduct, the most that she could legitimately be accused of is disclosing confidential information. General Order 216-2 specifically categorizes the disclosure of confidential information as "Moderate Misconduct." The disciplinary actions available for the first offense of Moderate Misconduct is a written warning to a five-day suspension. Accordingly, under Department rules, the most severe punishment that Ms. Chandler could have received is a five-day suspension.

29.    Although many other Department employees have provided third-parties with drivers license information, none have been reprimanded or disciplined in any way.

30.    Ms. Chandler was also deprived compensation for her unused annual leave, which exceeded 3 months of pay. The Department justified this action based on their allegation that Ms. Chandler was guilty of gross misconduct. Under department Rules,

8

gross misconduct is the only conduct that can deprive an employee of their annual leave benefit.

### III. CAUSES OF ACTION

### COUNT ONE

### VIOLATION OF PROCEDURAL DUE PROCESS

31.    Plaintiff hereby incorporates all preceding allegations.

32.    Ms. Chandler had a property interest in her employment with the Department pursuant to Tenn. Code Ann. § 8-30-331. Pursuant to Tenn. Code Ann. § 8-30-331, the United States Constitution, and the Tennessee Constitution, Ms. Chandler was entitled to minimum due process before being discharged, including, without limitation: (a) the right to written advance notice of the charges against her and right to appeal her dismissal; (b) the opportunity to have a pre-decision discussion with an appropriate manager; (c) a reasonable period of time in which to respond to the charges against her and present evidence in her defense.

33    Ms. Chandler's resignation was coerced and was involuntary, for the following, non-exclusive reasons:

(a)    Ms. Chandler was not given any "real alternative" to resignation;

(b)    Ms. Chandler was not given a reasonable time in which to choose;

(c)    Ms. Chandler was not permitted to select the effective date of resignation; and

9

(d)    The forced resignation was coerced through misrepresentation and deception.

34.    The Department did not provide Ms. Chandler with any component of minimum due process before coercing her resignation.    Accordingly, the Department violated Tenn. Code Ann. § 8-30-331 and is liable under 42 U.S.C. § 1983.

## COUNT TWO

### SUBSTANTIVE DUE PROCESS

35.    Plaintiff hereby incorporates all preceding allegations.

36    Plaintiff had a property interest in continued employment with the Department.

37.    The Department and the Tennessee Civil Service Commission have promulgated rules and regulations governing the disciplinary actions against civil service employees.

38.    These rules require that minimum due process must be provided to an employee before the employee is terminated.

39.    The rules also provide that an employee may only be terminated for "unacceptable conduct or performance of duties."

40.    Ms. Chandler performed her work duties in an exemplary manner for more than twenty-eight (28) years.

41.    Ms. Chandler did not engage in any unacceptable conduct that would justify termination.

10

42.    The conduct of the Department in forcing Ms. Chandler to resign based on the threat of prosecution for a crime for which the Department had no probable cause, without providing her with any notice of the charges against her nor an opportunity to defend herself, is conduct that shocks the conscience and constitutes a violation of Ms. Chandler's substantive due process rights.

## COUNT THREE

### WRONGFUL TERMINATION

43.    Plaintiff hereby incorporates all preceding allegations.

44.    The Department has promulgated rules and regulations governing the disciplinary actions against its employees in General Order 216-2. These rules and regulations constitute an employment contract between Ms. Chandler and the Department.

45.    These rules require that minimum due process must be provided to an employee before the employee is terminated.

46.    The rules also provide that the maximum disciplinary action that can be taken against an employee who discloses confidential information is a five-day suspension.

47.    Ms. Chandler's resignation was coerced and involuntary, and amounted to a constructive discharge, which violated General Order 216-2.

## COUNT FOUR

### INJUNCTIVE RELIEF

11

48.    Plaintiff hereby incorporates all preceding allegations.

49.    As a result of her wrongful termination in violation of her due process rights, Ms. Chandler has and will suffer immediate and irreparable injury.  In addition to the loss of her employment, Ms. Chandler has or will suffer the loss of health insurance benefits, retirement benefits, damage to her reputation, and damage to her ability to find employment.

50.    The Court should enter a temporary injunction requiring the Department to reinstate Ms. Chandler to her position and provide her with all benefits incident to her employment pending the disposition of this lawsuit.

51.    The Court should enter a permanent injunction requiring the Department to provide Ms. Chandler with the minimum due process rights that the Department failed to provide her with before coercing her involuntary resignation.

Respectfully submitted,

Gregory H. Oakley, BPR #16237
Drescher & Sharp, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37203
(615)425-3703
(615)425-7110
goakley@dsattorneys.com

12



| | |
|---|---|
| Number: | 216-2 |
| Page: | 1 of 3 |
| Subject: | Due Process Procedures and Disciplinary Matrix |
| Date: | 30 June 2008 |
| Distribution: | All DOS |

# GENERAL ORDER

I.  **PURPOSE:**

   To establish policy and procedures for the employees of the Tennessee Department of Safety concerning the above captioned subject.

II. **POLICY:**

   It is the policy of the Department of Safety to warn, suspend, demote, or dismiss any employee whenever just or legal cause exists. It is vital that all employees concerned have disciplinary procedures administered fairly and impartially.

   Each employee charged with a violation should receive disciplinary action from the applicable section of the Disciplinary Matrix, with the Commissioner having final authority.

   An accumulation of disciplinary actions taken against an employee may be deemed sufficient cause for dismissal, demotion, or other disciplinary and/or administrative action as provided in this Order.

III. **DUE PROCESS REQUIREMENTS:**

   A. Civil Service Employees, who are not on probation, have a "property right" to their job. No demotion, suspension, termination or other disciplinary action will be taken which would deprive a Civil Service Employee of such property right without Minimum "Due Process". When a decision is being made to institute action against an employee that may lead to a recommendation for demotion, suspension, or termination, the employee will be advised of this intent in writing:

      1. Written notice will be sent to the employee advising him or her of any allegations and the recommended disciplinary action. The notice will inform the employee of the date and time for the employee to defend the allegations. This notice will be from the Colonel or Deputy Commissioner.

      2. The notification will provide for the employee to have a pre-decision discussion with an appropriate manager and will state the procedure through which such a discussion may be arranged.

EXHIBIT

No. 216-2
30 June 2008
Page 2 of 3

3.   Prior to the final action being taken, the employee will be given an opportunity to have a Minimum Due Process Hearing to have their side of the incident heard.

4.   An employee may decline in writing the opportunity to have the Minimum Due Process Hearing and/or submit information relevant to the complaint. If so, then the Minimum Due Process requirements are deemed to have been met.

5.   If the employee requests the Minimum Due Process Hearing, the employee will be given a reasonable period of time to prepare to answer charges and present information and witnesses which might influence the Hearing Officer's decision.

6.   The Minimum Due Process Hearing will be conducted by the Commissioner's designee.

7.   The Minimum Due Process Hearing will be informal and similar to a discussion.

8.   The Minimum Due Process Hearing will be recorded and a transcript will be made a part of the investigative report.

9.   After the Minimum Due Process Hearing, a decision will be rendered by the Hearing Officer. If the recommendation is upheld, the decision may be appealed, in writing, to the Commissioner. This is called a level four (4) Grievance Hearing.

10.  Exception to Minimum Due Process – when an employee is acting in a dangerous or otherwise threatening manner and must be removed from the workplace immediately, it is not necessary to provide "Minimum Due Process" prior to removal. Minimum Due Process must be provided after removal as soon as practicable. The employee, in this case, may be placed on leave or on immediate suspension with or without pay.

B.   Level four (4) Grievance Hearing:

1.   After a Minimum Due Process Hearing decision, an employee may appeal the decision to the Commissioner within fifteen (15) workdays.

2.   The level four (4) Grievance Hearing notice will advise an employee of the date and time of their hearing. The Hearing Officer will be someone designated by the Commissioner.

3.   After a level four (4) Grievance Hearing decision, an employee may appeal that decision to the Civil Service Commission. This step is called a level five (5) Grievance Hearing. An employee has thirty (30) days to appeal the level four (4) decision to the Civil Service Commission.

No. 216-2
30 June 2008
Page 3 of 3

4.    The level four (4) Grievance Hearing decision by the Appointing Authority will determine whether or not any disciplinary action will be administered.

C.    Level (5) five Grievance Hearing:

1.    A hearing conducted by an Administrative Judge sitting for the Civil Service Commission subject to the Administrative Procedures Act.

2.    After the Grievance Hearing decision of the Administrative Judge sitting for the Civil Service Commission, an employee has thirty (30) days to appeal that decision to the full Civil Service Commission.

3.    After the full Civil Service Commission decision, an employee or the Department may appeal to Chancery Court.

IV.    Disciplinary Matrix:

A.    The Section Head of OPR or his/her designee shall determine the category of misconduct.

B.    Attached is the Disciplinary Matrix which consists of six (6) pages and six (6) categories:

1.    Very Minor Misconduct;

2.    Minor Misconduct;

3.    Moderate Misconduct;

4.    Serious Misconduct;

5.    Severe Misconduct; and

6.    Gross Misconduct.

C.    The Commissioner, as the Appointing Authority, shall be responsible for making the final decision concerning discipline of an employee.

Dave Mitchell
Commissioner

All Personnel:  I have read and fully understand the above Order.

## DISCIPLINARY MATRIX

| OFFENSE | 1ST | 2ND | 3RD | 4TH | INTENTIONAL | IF PREVIOUS OFFENSE WAS OVER 5 YEARS | OFFENSE OCCURS WITHIN 1YR FROM PREVIOUS OFFENSE |
|---|---|---|---|---|---|---|---|
| **VERY MINOR MISCONDUCT:**<br><br>Misconduct that is very minor in nature. Violations may include, but are not limited to:<br><br>Appearance.<br>Gum (or similar item).<br>Job performance.<br>Neatness.<br>Organizational skills.<br>Personal conduct *(on or off duty which reflects negatively on DOS).*<br>Report writing.<br>Rudeness (very minor).<br>Tobacco.<br><br>And/or any negligent act that results in damage/loss to property under $1,000.00. | COUNSELING TO WRITTEN WARNING | WRITTEN WARNING TO 2 DAY SUSPENSION | 1-3 DAY SUSPENSION | 2-3 DAY SUSPENSION | ADD 1 LEVEL | 2ND OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |
| **DEPARTMENTAL VEHICLE CRASH:**<br><br>Damage/loss is under $1,000.00 and without injuries. | COUNSELING TO WRITTEN WARNING | WRITTEN WARNING TO 2 DAY SUSPENSION | 1-3 DAY SUSPENSION | 2-3 DAY SUSPENSION | ADD 1 LEVEL | 3RD OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |

| OFFENSE | 1ST | 2ND | 3RD | 4TH | INTENTIONAL | IF PREVIOUS OFFENSE WAS OVER 5 YEARS | IF OFFENSE OCCURS WITHIN TYPE FROM PREVIOUS OFFENSE |
|---|---|---|---|---|---|---|---|
| **MINOR MISCONDUCT**<br><br>Misconduct that is minor in nature. Violations may include, but are not limited to:<br><br>Appearance.<br>Advertisements.<br>Courteous.<br>Deadlines.<br>Endorsements.<br>Equipment violations.<br>Job performance.<br>Neglect of duty (minor).<br>Performance violations (minor).<br>Tardiness.<br>Traffic violations (minor).<br><br>And/or any negligent act which results in damage/loss to property from $1,001.00 to $2,500.00. | ORAL WARNING TO 2 DAY SUSPENSION | WRITTEN WARNING TO 2 DAY SUSPENSION | 1-5 DAY SUSPENSION | 2 DAYS TO TERMINATION | ADD 1 LEVEL | 2ND OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE. 3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |
| **DEPARTMENTAL VEHICLE CRASH:**<br>Damage/loss is $1,000.00 to $2,500.00 with or without injuries. | ORAL WARNING TO 2 DAY SUSPENSION | WRITTEN WARNING TO 2 DAY SUSPENSION | 1-5 DAY SUSPENSION | 2 DAYS TO TERMINATION | ADD 1 LEVEL | 2ND OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE. 3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |

| OFFENSE | 1ST | 2ND | 3RD | 4TH | INTENTIONAL | IF PREVIOUS OFFENSE WAS OVER 5 YEARS | OFFENSE OCCURS WITHIN 1 YR FROM PREVIOUS OFFENSE |
|---|---|---|---|---|---|---|---|
| **MODERATE MISCONDUCT** <br><br> Misconduct that is moderate in nature. Violations may include, but are not limited to: <br><br> Attendance. <br> Behavior problems. <br> Chain of command. <br> Confidential information. <br> Cooperation. <br> Equipment (abuse or misuse). <br> Gratuities. <br> Indebtedness. <br> Insubordination. <br> Mistakes (repetitive). <br> Performance violations. <br> Policy and procedure violations. <br> Secondary employment. <br> Neglect of duty. <br> Work performance. <br> Unexcused absence. <br><br> And/or any negligent act which results in damage/loss to property from $2,501.00 to $7,500.00. | WRITTEN WARNING TO 5 DAY SUSPENSION | 1-5 DAY SUSPENSION | 1-10 DAY SUSPENSION | 2 DAYS TO TERMINATION | ADD 1 LEVEL | 2ND OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE. 3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |
| **DEPARTMENTAL VEHICLE CRASH:** <br> Damage/loss is $2,501.00 to $7,500.00 with or without injuries. | WRITTEN WARNING TO 5 DAY SUSPENSION | 1-5 DAY SUSPENSION | 1-10 DAY SUSPENSION | 2 DAYS TO TERMINATION | ADD 1 LEVEL | 2ND OFFENSE AND ABOVE TREAT AS 1ST OFFENSE | DOES NOT APPLY TO 1ST OR 2ND OFFENSE. 3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |

| OFFENSE CATEGORIES | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE | 4TH OFFENSE | INTENTIONAL | IF NO PREVIOUS OFFENSE W/IN OVER 3 YEARS | OFFENSE OCCURS WITHIN 1 YR FROM PREVIOUS OFFENSE |
|---|---|---|---|---|---|---|---|
| **SERIOUS MISCONDUCT**<br><br>Misconduct that is serious in nature. Violations may include, but are not limited to:<br><br>Alcohol (Misuse w/o law violation).<br>Associations.<br>Behavior Problems.<br>Evidence (handling / protecting).<br>Felons (associating with).<br>Gambling (includes lottery tickets).<br>Insubordination.<br>Law violations (on/off duty).<br>Neglect.<br>Obstruction.<br>Performance violations.<br>Political Activity.<br>Preferential Treatment.<br>Procedure violations.<br>Prohibited establishments (visiting).<br>Reporting for duty (fit for duty).<br>Soliciting.<br>Unbecoming conduct.<br>Unprofessional conduct.<br><br>And/or any negligent act which results in damage-loss to property greater than $7,500.00. | WRITTEN WARNING TO TERMINATION | 1 DAY TO TERMINATION | 2 DAYS TO TERMINATION | 3 DAYS TO TERMINATION | ADD 1 LEVEL | N/A | DOES NOT APPLY TO 1ST OR 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |
| **DEPARTMENTAL VEHICLE CRASH**<br>Damage-loss is over $7,500.00 without injuries. | WRITTEN WARNING TO TERMINATION | 1 DAY TO TERMINATION | 2 DAYS TO TERMINATION | 3 DAYS TO TERMINATION | ADD 1 LEVEL | N/A | DOES NOT APPLY TO 1ST OR 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |

| OFFENSE | 1ST | 2ND | 3RD | 4TH | INTENTIONAL | IF PREVIOUS OFFENSE WAS OVER 5 YEARS | OFFENSE OCCURS WITHIN 1YR. FROM PREVIOUS OFFENSE |
|---|---|---|---|---|---|---|---|
| **SEVERE MISCONDUCT**<br><br>Misconduct that is severe in nature. Violations may include, but are not limited to:<br><br>Abuse of authority.<br>Abuse of position.<br>Alcohol.<br>Harassment.<br>Law violations *(on/off duty that affects employment)*.<br>Neglect (willful) intentional.<br>Truthfulness (lack of).<br>Unprofessional conduct.<br><br>And/or any negligent act which results in damage/loss to property greater than $7,500.00. | 2 DAYS TO TERMINATION | 4 DAYS TO TERMINATION | 6 DAYS TO TERMINATION | 10 DAYS TO TERMINATION | ADD 1 LEVEL | N/A | DOES NOT APPLY TO 1ST AND 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |
| **DEPARTMENTAL VEHICLE CRASH:**<br><br>Damage/loss is over $7,500.00 with injuries. | 2 DAYS TO TERMINATION | 4 DAYS TO TERMINATION | 6 DAYS TO TERMINATION | 10 DAYS TO TERMINATION | ADD 1 LEVEL | N/A | DOES NOT APPLY TO 1ST OR 2ND OFFENSE<br><br>3RD OFFENSE AND ABOVE INCREASE BY 1 LEVEL |

| OFFENSE | ANY |
|---------|-----|
| **GROSS MISCONDUCT**<br><br>Misconduct that is gross in nature. According to the State Department of Human Resources, Gross Misconduct is any job related conduct which may subject an employee to criminal prosecution. | TERMINATION |



# Tennessee Department of Safety
## Notice of Employee Resignation / Termination

This form is to be completed every time a TDOS employee separates from the department (including transfers to other departments).

**MARY L CHANDLER** _____ Employee Name (Please PRINT)          _____ 0113221
                                                                          Empl ID

Home Address: **138 PEBBLE CREEK RD** _____

City: **FRANKLIN** _____   State: **TN**   Zip: **37064**

**(615) 794-8237** _____
Home Phone (include area code)                                        RACF ID #  **DI07287**

My last day physically in the office will be:          Resignation Effective:
**8-13-10** _____                               **8-13-10** _____
This is the last day you worked in the office or the day that   This should be the day after your last day worked, unless you are running
Commissioned member's check out.                       terminal leave. if that is the case, leave this blank.

| **PROGRAMMER/ANALYST 4** | **IT** | **DAVIDSON** |
| Title | Division (For Example: THP1, THP2, DLS, etc.) | City/County |

**00105396** _____   **11-1-10** _____   **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**
Position #              Date My Annual Longevity Is Due      SSN

**Leave Balance Payment Preference** (annual and comp). Please choose **ONE**:

☐ I would like to request terminal leave beginning _____ (running non-accruing annual and comp leave out -- only
available for regular retirements) and ending _____. (Sick leave will not be permitted unless proper evidence is
submitted supporting the use of sick leave after the last day worked).

☐ I would like to request lump sum payment for any remaining leave balances that are applicable upon my resignation/retirement.
(No employee taking a lump sum option will be allowed to work, take annual, comp or sick leave past the last day worked).  _LB_

☒ Gross Misconduct: lump sum on compensatory time -- annual leave forfeited.   _- RETIREMENT Will NOT BE EFFECTED_
                                                                            _- Ms. CHANDLER MAY GET A COPY OF THE_ _LB_
                                                                            _COMPLETE FILE WHEN THE CASE IS CLOSED._
☐ Not Applicable   either no leave balances or transfer within state government.

My reason for resigning (choose **ONE**, if more than one is chosen, we will decide which to enter as the "official" separation reason):

| | | |
|---|---|---|
| ☐ Retirement | ☐ Dismissal | ☐ Job Dissatisfaction |
| ☐ Mandatory Retirement (commissioned only) | ☐ For Health Reasons | ☐ Return to school |
| ☐ Expiration of Appointment | ☐ To Remain at Home | ☐ Moved from area |
| ☐ Disability Retirement | ☐ For Better Pay | ☐ Run For Office |
| ☒ Resignation | ☐ Transfer to Dept? | |

**Mary L Chandler** _____          **08/13/2010** _____
Signature of Employee                          Date

## Commissioned Personnel Only:

If you are retiring as a commissioned officer, do you believe that you have **15 years** of **honorable commissioned** service as required by
Title 8 U.S.C. Title 18, Chapter 44, Sections 926 B and C, entitled Law Enforcement Officer's Safety Act?         ☐ Yes  ☐ No

If you are retiring as a commissioned officer, do you believe that you have 25 years of **honorable commissioned** service as required by
TCA 4-7-110, for the transfer of weapon and badge? If yes, indicate type of weapon desired below.                 ☐ Yes  ☐ No

If you answered yes to either of the above questions, please complete the following:

Hair Color: _____ Eye Color: _____ Height: _____ Weight: _____ Blood Type: _____
Weapon you wish to have ownership transferred (if applicable):  ☐ Glock model 31 (full-size)  ☐ Glock model 33 (compact)

**For Tracking/Statistical Purposes:**
DOB: **11-16-1958**  Hire Date w/ Safety: **02/01/2002**  Gender: ☐ M  ☒ F  Race: **F**

Supervisor's Section on Back

SF-0994 (03/10)

Supervisor/Captain's Section: (If the employee is not available to fill out the front of this form, please fill out for the employee reflecting their preferences to the best of your ability)

Recommendation for Re-hire (Choose only ONE):

☐ I hereby accept this resignation and recommend that this person be considered for re-employment.

☐ I hereby accept this resignation and do not recommend that this person be consider for re-employment in this division.

☒ I hereby accept this resignation and do not recommend that this person be consider for re-employment in this department. (agency)

☐ I hereby accept this resignation and do not recommend that this person be consider for re-employment with the State of Tennessee. (Can only be chosen if employee is dismissed for Gross Misconduct or in lieu of gross misconduct) (state)

_____                    _____
Section Supervisor/Captain                                              Date

_____                    _____
Supervisor/Captain's Name PRINTED                        Office Phone # for Supervisor/Captain

**Please submit this form as soon as Resignation/Termination is known.**

Fax this form to:  Human Resources – (615) 253-2095
                            Information Technology – (615) 401-7646
                            Payroll – (615) 253-1440

Then forward the hardcopy to TDOS - HR, 1150 Foster Avenue, Nashville TN 37243-1000

---

☒ Resignation Accepted            ☐ Resignation Denied – Move forward with Termination

Commissioner's Approval:

_____                    8/13/10
Commissioner's Signature                                          Date

For Payroll Use Only:  ☐    Final payroll has been reviewed    Initials: _____

**Termination Reason Codes**

| | |
|---|---|
| ☐ Cancel Appt. - Disapproved | ☐ Job Abandonment |
| ☐ Cancellation of Appointment | ☐ Job Abandonment (No Rehire Agency) |
| ☐ Death | ☐ Other |
| ☐ Dismiss | ☐ Probationary Dismissal |
| ☐ Dismiss (No Rehire Agency) | ☐ Probationary Dismissal (No Rehire Agency) |
| ☐ Death In Line Of Duty | ☐ Probationary Dismissal (No Rehire State) |
| ☐ End of Temp/Part Time Assignment | ☐ Qualifications not met |
| ☐ Expiration of Executive Service Appointment | ☐ Qualifications not met (No Rehire Agency) |
| ☐ Gross Misconduct | ☐ Resignation |
| ☐ Gross Misconduct (No Rehire Agency) | ☐ Resignation (No Rehire Agency) |
| ☒ Gross Misconduct (No Rehire State) | ☐ Resignation (No Rehire State) |
| ☐ Health Reasons | ☐ Reduction In Force |

( loss of AL

**Retirement Reason Codes**

☐ Retirement            ☐ Mandatory Retirement            ☐ Disability Retirement

SF-0094 (03/10)                                                                          RDA – S1280