# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARY CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-01219 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Bryant |
| TENNESSEE DEPARTMENT OF SAFETY ) | |
| and DAVID MITCHELL, as Commissioner of ) | JURY DEMAND |
| the Tennessee Department of Safety, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff Mary Chandler's Motion for Preliminary Injunction ("Motion"). (Doc. No. 4.) Defendants Tennessee Department of Safety and David Mitchell filed a Response opposing Plaintiff's Motion (Doc. No. 8), to which Plaintiff filed a Reply (Doc. No. 17). The Court heard oral argument on Plaintiff's Motion on July 20, 2011.

A preliminary injunction is an extraordinary remedy that is left to the sound discretion of the court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). A court must consider four factors when deciding whether to grant a preliminary injunction: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff in the absence of an injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 362 (6th Cir. 2008).

1

Plaintiff seeks a preliminary injunction to reinstate her employment as a computer programmer with the Tennessee Department of Safety. Plaintiff's Complaint, in part, claims that Defendants violated her due process rights by failing to give her adequate due process prior to her resignation. (Doc. No. 1-2.) Plaintiff claims that her resignation was involuntary because it was made under duress, and she was coerced into resigning by material misrepresentations regarding the benefits of resigning versus the consequences of forcible termination. (*Id.*) Plaintiff's Motion asserts that the duress and misrepresentations occurred in an interview with two investigators, during which Plaintiff signed the resignation. (Doc. No. 7.)

The parties have presented declarations by Plaintiff, her husband, her co-worker, and the two investigators who interviewed Plaintiff, as well as a transcript of the interview and Plaintiff's signed resignation. No additional evidence or live testimony was presented at the July 20 hearing. The Court finds that the evidence before it is insufficient to conclude that Plaintiff has a strong likelihood of success on the merits of her claims under the first factor of the test for granting a preliminary injunction. Most importantly, it appears that the success of Plaintiff's claims will substantially depend on what transpired during the interview in question, but the transcript of the interview is incomplete according to Plaintiff. Without a complete transcript, the eventual fact-finder will have to rely on the testimony of the participants, and the Court has not had the opportunity to weigh their credibility. Accordingly, the Court cannot grant such extraordinary relief at this time. For this reason, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this 21st day of July, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2