IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY CHANDLER, ) | |
| ) | |
| Plaintiff, ) | No. 3:10-cv-01219 |
| ) | |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Bryant |
| TENNESSEE DEPARTMENT OF SAFETY ) | |
| and DAVID MITCHELL, as Commissioner of ) | JURY DEMAND |
| the Tennessee Department of Safety, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants' Motion for Permission to File a Dispositive Motion ("Motion"), filed by Defendants Tennessee Department of Safety ("TDOS") and David Mitchell. (Doc. No. 44.) Defendants request the Court permit them to file a dispositive motion under Federal Rule of Civil Procedure 12(c) or 56, even though the January 30, 2012, deadline for filing dispositive motions has expired. (*Id.*) Defendants highlight a Sixth Circuit case that relates to whether an employee's resignation was voluntary or involuntary as grounds for potential dismissal of some or all of the counts in Plaintiff's Complaint (Doc. No. 1-2). (*Id.* at 1–2.) They also argue that allowing a dispositive motion will not delay trial, as the Court continued trial and not set a new trial date. (*Id.* at 1.)

Plaintiff Mary Chandler filed a Response opposing the Motion. (Doc. No. 45.) Plaintiff states that Defendants gave no explanation for why they did not file their dispositive motion within the deadlines set by the Court. (*Id.* at 1–2.) In addition, because the case was filed nearly three years ago and trial has been continued twice at the request of Defendants and the Court, she has already suffered from mounting litigation costs that will only be exacerbated if her counsel is

1

required to respond to a late-filed dispositive motion. (*Id.* at 1–2, 6.) Plaintiff argues that the core issues in this case surround her "gross misconduct resignation" from TDOS that has prevented her from obtaining subsequent employment, and thus, Defendants' dispositive motion would be futile based on the case law they cite. (*Id.* at 6.)

The Court finds that Defendants' failure to explain why they were unable to file their dispositive motion within the Court's filing deadlines and to address any prejudice to Plaintiff by an untimely dispositive counsels against allowing it. In addition, this case is scheduled to be tried on August 27, 2013, thus, allowing dispositive motions to be filed would likely result in trial being postponed. Accordingly, the Court **DENIES** the Motion.

It is so ORDERED.
This the \_\_3rd\_\_ day of June, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2