IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARY CHANDLER, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-1219 |
| | ) | Judge Campbell/Bryant |
| TENNESSEE DEPARTMENT OF SAFETY, | ) | |
| and DAVID MITCHELL, as Commissioner | ) | |
| of the Tennessee Department of Safety | ) | |
| | ) | |

To: The Honorable Todd Campbell, District Judge

REPORT AND RECOMMENDATION

Three motions remain pending in this case: plaintiff's motion for attorneys' fees (Docket Entry No. 139), plaintiff's amended motion for attorneys' fees and expenses (Docket No. 142), and the supplement to the motion for attorneys' fees and expenses. (Docket Entry No. 164) These motions have been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 150)

For the reasons stated below in this report, the undersigned Magistrate Judge recommends that plaintiff's amended motion for attorneys' fees and expenses along with the supplement to the motion for attorneys' fees and expenses amounting to $90,969.50 be GRANTED.

Statement of the Case

Plaintiff was an employee of the Tennessee Department of Safety ("Defendant") for more than twenty-eight years. (Docket Entry No. 1-2 at 6-7) In August 2010, plaintiff was questioned by two highway patrol internal affairs officers about allegations of misconduct and subsequently signed a statement of resignation. Id. at 9. Plaintiff claimed that this resignation

1

was coerced and that the defendant violated her procedural due process rights under 42 U.S.C. 1983. Id. at 14. Plaintiff also claimed that the defendant violated her substantive due process rights and that she was wrongfully terminated. Id. at 14-15. Plaintiff sought injunctive relief by her chancery court complaint (Docket Entry No. 1-2), and thereafter expressed her belief that she was entitled to compensatory damages (Docket Entry No. 31), but subsequently conceded that she was not entitled to compensatory damages based on the defendant's Eleventh Amendment immunity. (Docket Entry No. 151 at 7-8) The case went to trial, but Judge Nixon declared a mistrial and recused himself from the case on August 30, 2013. (Docket Entry No. 80) The case was reassigned to Judge Campbell and was set for a jury trial on January 21, 2014. (Docket Entry No. 122)

The jury found that plaintiff's resignation from employment with defendant was involuntary (Docket Entry No. 138) and plaintiff thereafter sought injunctive relief in order to be reinstated and obtain her due process rights. (Docket Entry No. 144) The Court granted the plaintiff's motion for injunctive relief in that the plaintiff was entitled to have her employment reinstated and be granted minimum due process in accordance with Tennessee law. (Docket Entry No. 159)

Contemporaneously with her pursuit of an order of reinstatement, plaintiff filed her motion for attorneys' fees (Docket Entry No. 139), amended motion for attorneys' fees and expenses (Docket No. 142), and supplement to motion for attorneys' fees and expenses. (Docket Entry No. 164) The defendant subsequently filed a response to the amended motion for attorneys' fees (Docket Entry No. 143) and a response to the supplement to the motion for attorneys' fees and expenses (Docket Entry No. 165)

Legal Analysis

   A. Untimely Motion for Attorneys Fees

The plaintiff's motion for attorneys' fees was timely. Federal Rule of Civil Procedure 54(d)(2)(B) allows a district court to modify the 14-day time limit for filing fee motions. This Court has modified the time limit through LR 54.01(b)(1), which provides that "[u]nless otherwise provided by statute or order of the Court, a motion for an award of attorneys' fees and related nontaxable expenses shall be filed within thirty (30) days from the District Court's entry of final judgment in the case." The jury's verdict was entered on January 23, 2014. (Docket Entry No. 138) The plaintiff filed her motion for attorneys' fees on February 21, 2014. (Docket Entry No. 139) Thus, the plaintiff's request was filed timely within thirty days as is required by LR 54.01(b)(1), and defendant's argument based on timeliness – which fails to consider the Local Rule – is without merit.

   B. Legal Standard for Attorneys' Fees under 42 U.S.C. § 1988

Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" Cases that involve immunity doctrines and special defenses available only to public officials can preclude or severely limit the ability to obtain damages. City of Riverside v. Rivera, 477 U.S. 561, 577 (1986). In these cases, the United States Supreme Court has recognized that awarding counsel fees to prevailing plaintiffs is particularly important and necessary in order to adequately protect constitutional rights. Id. at 577-80.

Calculating attorneys' fees under 42 U.S.C. 1988 begins with determining the "lodestar amount," which is the number of hours reasonably spent through the litigation process multiplied by a reasonable hourly rate. Jordan v. City of Cleveland, 464 F.3d 584, 602 (6th Cir. 2006). After this amount has been determined, the court should reduce the amount based on any excessive, redundant or unnecessary hours and adjust it to reflect the result obtained. Id.

The party seeking attorneys' fees bears the burden of documenting her entitlement to the award. Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999). The declaration of Greg Oakley and attachments thereto present a detailed accounting of the hours expended by lawyers and paralegals on this case for which attorneys' fees are sought. (Docket Entry No. 140) The declarations of Kenneth R. Jones, Jr. and Jeffrey A. Green suggest that the hourly rate of $290 per hour for Mr. Oakley's time would be reasonable.[1] The defendant has taken issue with the fact that the plaintiff's attorneys have not attached a negotiated client payment agreement and billed the plaintiff at a different rate than what they submitted to the Court. (Docket Entry No. 143 at 2-3) However, neither of these facts is determinative of the reasonableness of the attorneys' fees. Although the agreement between the client and attorney can be one of many factors considered by a court in calculating attorneys' fees, it is not dispositive and a reasonable fee should be granted regardless of any agreement (or lack thereof) between the plaintiff and her attorney. Blanchard v. Bergeron, 489 U.S. 87, 92-93 (1989).

The defendant has not otherwise objected to the hourly rates proposed on the basis that they are unreasonable and the Magistrate Judge believes, based on the proof supporting the motion, that the fees represent a fair market value for the services provided. Further, defendant does not challenge the accuracy of the accounting of hours contained in plaintiff's

---

[1] The declarations actually indicate that a $300 per hour rate is reasonable for Mr. Oakley's time. The declarations further indicate that $300 per hour is a fair market value of business litigation services. (Docket Entry Nos. 140-1 and 140-2, at ¶ 4)

4

declaration. However, the defendant argues that the plaintiff is not a prevailing party and is therefore not entitled to attorneys' fees; or, in the alternative, that the plaintiff's fees should be reduced based on unsuccessful claims, the mistrial, and unnecessary hours. (Docket Entry No. 143) These arguments are addressed below.

C. Prevailing Party

The defendant has argued that the plaintiff is not a prevailing party for the purposes of 42 U.S.C. § 1988. A prevailing party is one who has succeeded on any significant claim affording it some of the relief sought. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989). In order to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to relief which changes the legal relationship between herself and the defendant. Id. at 792. The Supreme Court has held that a plaintiff who obtains injunctive relief, but does not receive any monetary damages can still be a prevailing party as long as a decision on the merits compels the defendant to change its behavior in a way that benefits the plaintiff. Lefemine v. Wideman, 133 S. Ct. 9, 10 (2012).

Plaintiff received a jury verdict in her favor. Thereafter, the Court granted the plaintiff's motion for injunctive relief which entitles the plaintiff to reinstatement and the minimum due process that was not previously provided to her. (Docket Entry No. 159) This requires the defendant to change its behavior in a way that benefits the plaintiff. Thus, the plaintiff is a prevailing party under 42 U.S.C. § 1988.

D. Unsuccessful Results

The defendant argues that even if the plaintiff is awarded attorneys' fees, the award should be reduced based on the claims the plaintiff made that were unsuccessful. (Docket Entry No. 143) The Sixth Circuit has held that attorneys' fees should not be reduced based on

the simple ratio of successful claims to claims raised. DiLaura v. Twp. Of Ann Arbor, 471 F. 3d 666, 672 (6th Cir. 2006) (quoting Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Co., Tenn., 421 F.3d 417, 423 (6th Cir. 2005)). However, courts have recognized that an award based on the total number of hours reasonably expended on a case might result in an excessive fee if a plaintiff has achieved only partial success. Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 552 (6th Cir.2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). In such cases, the Court must address two issues: "(1) whether the claims on which plaintiff failed to prevail were or were not related to the claims on which the plaintiff succeeded, and, (2) whether plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorneys' fees." Id. The Supreme Court has indicated that claims that are unrelated should be treated as if they had been raised in separate lawsuits and attorneys' fees should not be awarded for services on the unsuccessful claims. Hensley, 461 U.S. at 434-35. However, other claims for relief may involve a common core of facts on related legal theories. The attorneys' time will be devoted to the litigation as a whole which makes it difficult to divide the hours expended on a claim-by-claim basis. In cases such as this, the court should focus on the significance of the overall relief in relation to the hours reasonably expended on the litigation. Id. When the plaintiff has achieved excellent results, the fee award should not be reduced just because the plaintiff failed to prevail on every contention raised in the lawsuit. Id.

The defendant requests a credit for the time the plaintiff spent seeking money damages. (Docket Entry No. 143) The defendant has claimed that the initial attempt at injunctive relief and the judicial settlement conference failed in part due to plaintiff's insistence on pursuing money damages. Id. In response, plaintiff argues that under the Hensley analysis,

the issue of compensatory damages did not take the form of a separate and distinct claim, but instead was an issue related to the central constitutional claims. (Docket Entry No. 151 at 6)

Although the defendant has argued that the plaintiff's success is *de minimis*, it appears that obtaining the injunction that plaintiff was awarded was the major goal for the plaintiff from the beginning. (Docket Entry Nos. 1, 4) Although the plaintiff was misinformed as to the availability of compensatory damages against the State, the issue was closely related to her constitutional claims and prayer for injunctive relief. The plaintiff was seeking both types of relief based on all of the same facts and the same legal theories. The Sixth Circuit has directed that, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." Thurman v. Yellow Freight Systems, Inc., 90 F. 3d 1160, 1169 (6th Cir. 1996). Thus, the undersigned Magistrate Judge concludes that time spent seeking compensatory damages should not be deducted from the plaintiff's attorneys' fees.

    E. Mistrial

The defendant has argued that if the plaintiff is awarded attorneys' fees, there should be a deduction for the mistrial that occurred before Judge Nixon. (Docket Entry No. 143 at 4) Defendant bases this argument on the fact that the mistrial was caused by the actions of plaintiff's counsel, Mr. Walthart. Id. The record includes an excerpt from the trial where Judge Nixon declared the mistrial. (Docket Entry No. 143-5) After a conversation with defendant's attorney, Judge Nixon asked Mr. Walthart if he had been in communication with a witness and he admitted he had been in communication with said witness. Id. at 3. Judge Nixon called that conduct "improper" and declared a mistrial because of the communication. Id. at 4. Although

defendant's attorneys claim there was a sequestration ruling in place (Docket Entry No. 143 at 4 n. 5), Mr. Walthart declares that there was not a sequestration ruling in place. (Docket Entry No. 151-4 at ¶ 2) Mr. Walthart further declares that he has tried, but has been unable to determine what part of his conversation with the witness was "improper." Id. at ¶ 17. The record is not clear on the level of impropriety involved, nor is the record clear on whether a sequestration order was in place during the trial before Judge Nixon. Based on the lack of clarity surrounding the mistrial in the record, the Magistrate Judge does not recommend deducting fees accumulated because of the mistrial from the award of attorneys' fees.

### F. Preparation with Glen Cruzen

The defendant has taken issue with the amount of time billed for meetings and exchanges with Mr. Cruzen. (Docket Entry No. 143 at 5) The defendant suggests that Mr. Cruzen was a business client of plaintiff's counsel during the time of the litigation and indicates that some of the meetings or exchanges might have involved topics other than the instant litigation. Id. However, plaintiff's attorneys' timesheets give a general idea of what the discussions entailed and all of the discussions appear to be related to the instant litigation. (Docket Entry No. 140-3) Without some evidence that there was overlap of the business affairs and the instant litigation, the Magistrate Judge believes the fees billed for time with Mr. Cruzen are reasonable and has no reason to determine that the hours were not spent on the instant litigation as plaintiff's attorneys' have indicated.

### G. Duplication of Effort

The defendant has also claimed that the plaintiff's attorneys should not be reimbursed for the duplication of effort it alleges is found throughout the billing entries. (Docket Entry No. 143 at 6) The defendant has argued that time was wasted because Mr. Oakley,

8

plaintiff's original attorney, had multiple attorneys handling plaintiff's case. Id. However, the other individuals Mr. Oakley involved in the case were billed at a lower rate than Mr. Oakley. (Docket Entry No. 140 at 5) Thus, although allowing other individuals to be involved in the case resulted in more hours, it also resulted in time being billed at a lower cost. See Id. The Magistrate Judge believes this is reasonable and has not found any indication that the actions of the plaintiff's attorneys have increased the overall fee based on duplication of effort.

      H.  Supplement to Motion for Attorneys' Fees and Expenses

The plaintiff filed a supplement to the motion for attorneys' fees and expenses requesting an additional $6,350 in attorneys' fees. The defendant argues that the plaintiff's attorneys' failure to understand the law or the remedies available to the plaintiff and/or the procedural processes to request and obtain said remedies undercuts the request for supplemental fees. (Docket Entry No. 165 at 2) Although there appears to be some unnecessary research done regarding the transfer of claims to the civil service commission and the administrative appeal procedures, the plaintiff has deducted that from the supplemental fee request. (Docket Entry No. 164-3) The supplement to the motion for attorneys' fees and expenses does not appear to be unreasonable and the Magistrate Judge does not find any reason to reduce the supplemental fee request.

**Recommendation**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's amended motion for attorneys' fees and expenses along with the supplement to the motion for attorneys' fees and expenses, amounting to $90,969.50, be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party

opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 26th day of August, 2014.

s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE